UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHOO! INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>   Defendant. | Case No. 17-cv-00447 NC<br><br>**ORDER GRANTING NATIONAL UNION'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 15 |

In this insurance breach of contract action, defendant National Union Fire Insurance Company of Pittsburgh, PA (National Union) moves to dismiss plaintiff Yahoo! Inc.'s (Yahoo) complaint. The issue presented is whether the disputed insurance provision provides coverage for Yahoo's alleged violations of privacy. The Court grants dismissal because National Union showed that Yahoo's construction of the disputed insurance provision did not provide for coverage. For the reasons set forth below the motion is GRANTED WITH LEAVE TO AMEND.

**I. BACKGROUND**

  **A. Factual Background**

National Union sold Yahoo five consecutive Commercial General Liability (CGL) insurance policies. Dkt. No. 1 at 6. The policies each contain similar language, which provides coverage for personal and advertising injury. *Id.* at 82-85. The policies contain Endorsement No. 1, which alters coverage as to personal injury. *Id.* at 84. The policy

Case No. 17-cv-00447 NC

contains an endorsement in order to provide extended coverage for personal and advertising injury. Endorsement No. 1 defines personal injury as "injury, including consequential 'bodily injury', arising out of one more of the following offenses: . . . (e) oral or written publication, in any manner, of material that violates a person's right of privacy." Dkt. No. 1 at 85. The CGL policies provide that National Union will pay the sums that Yahoo becomes legally obligated to pay as damages due to personal injury. Dkt. No. 15 at 4.

During the period of January 2013 to April 2014, several class action lawsuits (Text Message Litigations) were filed against Yahoo as a result of Yahoo's alleged transmission of unsolicited text messages. Dkt. No. 1 at 2-6. These lawsuits allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). *Id.* The Text Message Litigations allege that through the unsolicited transmission of the text messages, Yahoo invaded the privacy of the plaintiffs. *Id.* at 3, 4.

Once the Text Message Litigations began, Yahoo notified National Union to obtain coverage under the policy. *Id.* at 7. National Union denied coverage. *Id.*

### B. Procedural History

On January 27, 2017, Yahoo filed its complaint, which alleges a breach of contract claim due to National Union's denial of coverage and consequent failure to defend. Dkt. No. 1. On April 10, 2017, National Union filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 15. This Court has jurisdiction under 28 U.S.C. § 636(c) as both parties consented to proceeding before a magistrate judge. *See* Dkt. Nos. 6, 17.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are

Case No. 17-cv-00447 NC  2

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

National Union moves to dismiss Yahoo's complaint because the insurance policy does not cover the Text Message Litigations. Dkt. No. 15 at 2.

### A. Insurance Contract Interpretation under California Law[1]

Insurance policies are contracts and therefore must be interpreted as such. *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 822 (1990). The "mutual intention" of the parties at the time of contract formation governs the contract's interpretation. *Id.* at 821. The parties' intentions are inferred from the "clear and explicit" meaning of these provisions. *Id.* at 822. The provisions are interpreted in their "ordinary and popular" sense unless the

---

[1] In Yahoo's opposition to the motion to dismiss, Yahoo asserts that "National Union prematurely assumes that California law applies with no basis for this conclusion." Dkt. No. 24 at 11. Yahoo does not provide support for the Court applying non-California law. Furthermore, in Yahoo's statement regarding jurisdiction and venue in the complaint, Yahoo makes clear that the parties are before the Court in diversity, and that "the contracts of insurance that are the subject of this action were entered into and were to be performed within this District, and the underlying events giving rise to Yahoo's claim for insurance coverage occurred within this district." Dkt. No. 1 at 2. As National Union pointed out, a federal court sitting in diversity must apply the forum state's substantive law. *Welles v. Turner Entm't Co.*, 503 F.3d 728, 738 (9th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Yahoo's language in the complaint mirrors California Civil Code § 1646, which requires that a contract be interpreted "according to the law and usage of the place where it is to be performed; or . . . where it was made." Yahoo's unsupported assertion that non-California law may apply to this case is not well taken.

Case No. 17-cv-00447 NC         3

1  terms are used in a "technical sense or a special meaning is given to them by usage." *Id.* A policy provision is considered ambiguous when it is capable of more than one interpretation. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). When ambiguity in policy language or term arises, courts must resolve that ambiguity in favor of the insured. *United Nat. Ins. Co. v. Spectrum Worldwide Inc.,* 555 F.3d 772, 777 (9th Cir. 2009). The language of a contract must be interpreted as a whole, which means ambiguities cannot be found in the abstract. *Waller*, 11 Cal. 4th at 18.

### B. The Disputed Policy Provision

The disputed provision is contained in the definition of personal injury coverage. The policy covers personal injury arising out of "oral or written publication, in any manner, of material that violates a person's right of privacy." Dkt. No. 1 at 85. Yahoo argues that this disputed provision means that the Text Message Litigations are covered under the policy and therefore National Union owes Yahoo a duty to defend it in the underlying lawsuits.

#### i. Right of Privacy

Courts have identified two meanings for the right to privacy: (1) secrecy and (2) seclusion. *ACS Sys., Inc.*, 147 Cal. App. 4th at 148. The privacy right of secrecy involves the right to prevent disclosure of personal information to third parties. *Id.* at 149. The privacy right of seclusion involves the right to be let alone. *Id.* at 148. Invasion of the privacy right of secrecy involves the "*content* of communication," whereas invasion of the privacy right of seclusion involves "*means*, *manner*, and *method* of communication." *Id.* at 149 (emphasis in original). For example, a person who wants to conceal a criminal conviction from an employer asserts a claim for secrecy privacy. *Id.* at 148. A person who wishes to prevent solicitors from calling on the telephone asserts a claim to the privacy right of seclusion. *Id.*

Similar to this case, *ACS* involved an insured seeking coverage in a lawsuit alleging violations of the TCPA due to the insured sending unsolicited advertisements via fax machine. *Id.* at 140. The court analyzed whether the disputed policy provision provided

Case No. 17-cv-00447 NC                 4

coverage for the underlying litigation. *Id.* at 145. There, the disputed provision provided coverage for injury resulting from "making known to any person or organization written or spoken material that violates an individual's right of privacy." *Id.* at 149. Because the disputed provision required that the material be made known, the court reasoned that the policy required disclosure of the material to third parties. *Id.* The court concluded that coverage for TCPA violations was not available. *Id.* at 154. A violation of secrecy privacy involves material being made known to third parties, but violation of seclusion privacy does not. *Id.* at 150. The court ruled that the policy provided coverage for violations of secrecy privacy, but not seclusion. *Id.*

Yahoo cites *Los Angeles Lakers, Inc. v. Federal Insurance. Co.*, No. 14-cv-7743 DMG, 2015 WL 2088865 (C.D. Cal. April 17, 2015) (on appeal) to argue that TCPA violations are protected under insurance policies. Dkt. No. 24 at 10. In *Los Angeles Lakers*, the court analyzed a policy exclusion clause, which excludes coverage for certain actions, to determine if there was a duty to defend in an underlying TCPA violation action. 2015 WL 2088865, *5. The court reasoned that violations of the TCPA were protected under the broad exclusion clause language. *Id.* at *7. The exclusion clause in *Los Angeles Lakers* contained different language from this case. *Id.* at *2. There, the clause merely stated "invasion of privacy" as one of its several exclusions, which is broader policy language than the language here. *Id.*; Dkt. No. 1 at 85 (*compare with* "oral or written publication, in any manner, of material that violates a person's right of privacy."). In addition, the policy language in *Los Angeles Lakers* afforded a broader interpretation of privacy because exclusion clauses are to be interpreted narrowly in order to protect the insured. 2015 WL 2088865, *3 (citing *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 647-48 (2003)). This case does not implicate any exclusion clause.

Yahoo also cites *Owners Insurance Co. v. European Auto Works, Inc.*, 695 F.3d 814 (8th Cir. 2012), to assert that both secrecy and seclusion privacy are protected under the policy. Dkt. No. 24 at 10. *Owner's Insurance* presents similar policy language as the

Case No. 17-cv-00447 NC 5

current case[2], but it uses Minnesota law to interpret the policy. 695 F.3d at 819. The Yahoo policy is governed by California law, and under California law, insurance policy provisions with such language have not been construed to also cover alleged violations of seclusion privacy. *See e.g.*, *ACS Sys., Inc.*, 147 Cal. App. 4th 137; *State Farm Gen. Ins. Co. v. JT's Frames, Inc.*, 181 Cal. App. 4th 429 (2010). Yahoo has not presented the Court with California cases stating to the contrary.

### ii. Analysis of the Policy Text

First, the Court considers the policy's plain text. The text of the disputed provision is "oral or written publication, in any manner, of material that violates a person's right of privacy." Dkt. No. 1 at 85. "Publication" is defined as "making known." *Reimel v. Alcoholic Bev. Appeals Bd.*, 256 Cal. App. 2d 158, 166-67 (1967). In situations where secrecy privacy is violated, publication plays a key role. *JT's Frames, Inc.*, 181 Cal. App. 4th at 447. However, in situations where seclusion privacy is violated, publication is irrelevant. *Id.*

*JT's Frames* is particularly helpful and on point in this case. There, the court analyzed whether an insurance policy provided coverage in an underlying action alleging violations of the TCPA. *Id.* at 434. The policy in *JT's Frames* contained an advertising injury clause, which covered injury caused by "oral or written publication of material that violates a person's right of privacy." *Id.* In order to analyze the meaning of that provision, the court first looked to the text of the provision. *Id.* at 445. In *ACS*, the disputed policy language stated, "making known to any person or organization written or spoken material that violates an individual's right of privacy." 147 Cal. App. 4th at 149. The court in *JT's Frames* determined that "making known" and "publication" have the same meaning. 181 Cal. App. 4th at 447. The court concluded that the policy covered secrecy privacy, but not seclusion privacy, because publication means that material is being made known to third parties, and secrecy privacy involves disclosure of material to third parties. *Id.* Seclusion

---

[2] The provision of in *Owner's Insurance Co.* states, "oral or written publication of material that violates a person's right of privacy." 695 F.3d at 817.

privacy does not.

Here, Yahoo made the text messages known to the recipients, but did not make the content of the text messages known *to third parties*. It is the content of the material that violates a person's right to privacy when that material is made known. *ACS Sys., Inc.*, 147 Cal. App. 4th at 149. Making information known implies "telling, sharing or otherwise divulging, such that the injured party is the one whose private material is *made known*, not the one *to whom* the material is made known." *Id.* (citing *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 641 (4th Cir. 2005)). Thus, for information to be made known or published, the information must be disclosed to a third party. *ACS Sys., Inc.*, 147 Cal. App. 4th at 149. Here, the disputed provision therefore only plausibly covers injury caused by the disclosure of private content to third parties based on the word "publication" in the provision. *ACS Sys., Inc.*, 147 Cal. App. 4th at 150. Thus, the disputed provision does not cover Yahoo's alleged legal violations because Yahoo did not disclose the content of the material to third parties, but only to the underlying plaintiffs.

Another tool for interpreting the contract provision's text is the last antecedent rule. *Id.* The last antecedent rule states that, "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." *Renee J. v. Superior Court*, 26 Cal. 4th 735, 743 (2001). The disputed provision states, "oral or written publication, in any manner, of material that violates a person's right of privacy." Dkt. No. 1 at 85. Applying this rule to the disputed provision, "that violates a person's right of privacy" modifies the word "material." *JT's Frames, Inc.*, 181 Cal. App. 4th at 446. This means the disclosed material must violate a person's right of privacy. *Id.* As the policy is drafted, "material" can only violate a person's right of privacy if it is "confidential information and violated the victim's right to secrecy." *Id.*

Yahoo argues that "right of privacy" should be construed broadly so as to afford the greatest protection to the insured. Dkt. No. 24 at 9. Although this is correct in terms of interpretation of insurance policies, the broad definition Yahoo offers ignores the

Case No. 17-cv-00447 NC 7

interpretation of the disputed provision as a whole. Yahoo's desired interpretation of "right of privacy" looks to the term in the abstract, but the correct method of interpretation under California law is examining the provision as a whole. *ACS Sys., Inc.*, 147 Cal. App. 4th at 146. When looking at the entire disputed provision, it shows that there must be publication of material for privacy to be violated. Therefore, the element of publication must be satisfied in order for privacy to be violated. The text messages do not violate a person's privacy right of secrecy, and thus these injuries are not covered under the disputed policy provision. Thus, according to the text of the disputed provision, National Union does not owe a duty to defend Yahoo for violations of seclusion privacy.

### iii. Analysis of the Policy Context

Second, the court considers the context in which the disputed provision is contained in the contract. As previously stated, insurance policies must be interpreted as a whole and not in the abstract in order to interpret ambiguous language. *ACS Sys, Inc.*, 147 Cal. App 4th at 146. Analyzing the placement of provisions in the policy, and using other clauses in the policy to help interpret the other provisions, sheds light on the meaning of ambiguous language. *Id.* at 151. Here, the disputed provision is the last of five offenses in which personal injury coverage arises. It is important to analyze the provision directly before the disputed one in order to use the context of that provision to help determine the disputed provision's meaning. *Id.* The provision immediately before the disputed one provides coverage for "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services." Dkt. No. 1 at 84. Libel or slander involves "a publication of defamatory content about someone to a third person." Cal. Civ. Code §§ 45, 46; *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1284 (1991); *ACS Sys., Inc.*, 147 Cal. App. 4th at 151. The provision directly before the disputed one states that the violation comes from the sharing of content to third parties and not just from receiving the content. *ACS Sys., Inc.*, 147 Cal. App. 4th at 152. That provision only provides coverage when content is disclosed to third parties. Because the disputed provision immediately follows the provision

Case No. 17-cv-00447 NC   8

1 covering slander and libel, it is reasonable to infer that the disputed provision also provides
2 coverage only when material is disclosed to third parties. This type of disclosure violates
3 the privacy right of secrecy, not seclusion.

Secrecy and seclusion privacy are mutually exclusive in this context because of the use of "publication." The term "publication" plays a key role in interpreting the meaning of the disputed provision as a whole. The provision involving slander and libel requires disclosure to third parties. *Id.* Therefore, it follows that the disputed provision would also involve disclosure to third parties.

In its brief, Yahoo discusses the context of the disputed provision, but omits the provision immediately before the disputed one. Dkt. No. 24 at 8. Yahoo cites two of the provisions prior to the disputed one. Those provisions are: "(a) false arrest, detention, or imprisonment" and "(c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor." Dkt. No. 1 at 84. Yahoo ignores the provision providing the most context. Dkt. No. 24 at 8. By ignoring the provision immediately before the disputed one, Yahoo draws strained inferences about the context of the policy as a whole. Courts will not strain to find ambiguity in policy language. *Waller*, 11 Cal. 4th at 18-19. The other provisions Yahoo cites are different from the disputed one, and therefore Yahoo concludes that the context of the provision does not shed light on its meaning. Dkt. No. 24 at 9. However, the provision immediately before the disputed one contains language that signals the importance of disclosure to third parties. Because the disputed provision directly follows a provision that involves disclosure to third parties, the Court concludes that the disputed provision also involves disclosure to third parties. Yahoo's argument is unpersuasive.

### C. Qualifying Policy Language

The disputed policy provision states, "oral or written publication, in any manner, of material that violates a person's right of privacy." Dkt. No. 1 at 85. Yahoo argues that the "in any manner" language broadens the meaning of publication. Dkt. No. 24 at 12. This

Case No. 17-cv-00447 NC        9

argument is unsupported by binding authority, and is unpersuasive. Applying the last antecedent rule to this phrase, shows that "in any manner" applies to the preceding phrase, "oral or written publication." Therefore, "in any manner" modifies "publication." Interpreting this language in its "ordinary and popular" sense provides that information may be made known in any way in order for coverage to apply. *AIU Ins. Co.*, 51 Cal. 3d at 821. Any manner of publication involves any medium by which material is published. Here, the information was never published because the content was never made known to third parties. *ACS Sys., Inc.*, 147 Cal. App. 4th at 149. Therefore, the manner of publication is not at issue because there was no publication in the first place.

### D. Yahoo's Other Arguments

In opposition to National Union's motion to dismiss, Yahoo cites several cases that are irrelevant here. *See* Dkt. No. 24 at 9-10, 12.

These cases cite out of state law, which do not interpret insurance policies in the same manner as California courts. For example, Yahoo cites *Park University Enterprises, Inc. v. American Casualty Co. of Reading, Pa*, which applies Kansas law to interpret the disputed insurance policy provision. 442 F.3d 1239, 1249 (2006). In Kansas, the standard for interpreting insurance policies is viewing ambiguous terms as a reasonable person and determining meaning from that perspective. *Id.* Although this is similar to California's method of interpreting ambiguous terms in favor of the insured, that court did not consider the context of the contract as a whole. *Waller*, 11 Cal. 4th at 11. It is important to view the contract as a whole and not in the abstract. *ACS Sys., Inc.*, 147 Cal. App 4th at 146. The court in *Park University* looks at the language in the abstract to determine if it is ambiguous. *Park University Enter, Inc.*, 442 F.3d at 1249. California courts also look to context. *Waller*, 11 Cal. 4th at 11.

Yahoo cites several other cases which also apply out-of-state laws to interpret insurance policy language. *See* Dkt. No. 24 at 9, 12. Like *Park University*, those cases are also inapposite because they assign meaning to policy language that is inconsistent with California case law. *Collective Brands, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*,

Case No. 17-cv-00447 NC          10

1  No. 11-cv-4097 JTM, 2013 WL 66071, *13 (D. Kan. Jan. 4, 2013) (explicitly rejecting use of California law to interpret similar insurance policies); *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 368 (2006) (finding that a similarly-worded policy may be interpreted using dictionary definitions for "right of privacy," which includes seclusion); *Hooters of Augusta, Inc. v. Am. Global Ins. Co.*, 157 Fed. App'x 201, 206 (11th Cir. 2004) (applying Georgia law and a broader interpretation of privacy); *Western Rim Inv. Advisors, Inc. v. Gulf Ins. Co.*, 269 F. Supp. 2d 836, 846 (N.D. Tex. 2003) *aff'd* 96 Fed. App'x 960 (5th Cir. 2004) (applying Texas law to interpret the meaning of "publication"). Therefore, this Court will not consider those cases in ruling on this case's merits.

However, because Yahoo's claim for coverage could possibly be amended by the allegation of additional facts, or by other reasons why the court should not dismiss this case with prejudice,[3] the Court GRANTS leave to amend.

## IV. CONCLUSION

For the foregoing reasons, National Union's motion to dismiss is GRANTED WITH LEAVE TO AMEND. The amended complaint must be filed with the Court by June 23, 2017.

**IT IS SO ORDERED.**

Dated: June 2, 2017                    _____
                                        NATHANAEL M. COUSINS
                                        United States Magistrate Judge

---

[3] In its reply, National Union requests that its motion be granted with prejudice so that Yahoo may not amend its complaint to argue that, for example, coverage exists under a different provision. Dkt. No. 30 at 14-17. This argument has not been fully briefed, and was not in any way the subject of the original complaint or motion to dismiss. *See Dytch v. Yoon*, No. 10-cv-02915 MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (quoting *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). The Court declines to consider National Union's argument, the merits of which may be taken up again on a subsequent motion to dismiss.

Case No. 17-cv-00447 NC          11